## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HARE<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>OPTOMA TECHNOLOGY, INC.,<br><br>        Defendant. | Civil Action No. 10-1184 (FSH) (PS) |

## DECLARATION IN SUPPORT OF
## PROPOSED DISCOVERY CONFIDENTIALITY ORDER

Richard Spitaleri, Jr., under penalty of perjury, declares as follows:

1.      I am an attorney at law of the State of New Jersey, a member in good standing of the bar of this Court, and an associate at Bingham McCutchen LLP, counsel for Optoma Technology, Inc. ("Optoma"), the defendant in this action.  I submit this Declaration in support of the proposed Discovery Confidentiality Order submitted by all parties in this action.

2.      This case arises out of allegations of certain defects in the lamp components of certain models of Optoma projectors.  Given the nature of the claims and the defenses asserted by the parties, discovery will likely include several areas of a sensitive nature.  It is our understanding that documents concerning these subjects may contain sensitive and/or proprietary information, and it is anticipated that other information and materials produced or created during the course of discovery, such as deposition transcripts, may also contain confidential information.

A/73393534.1

3.     The parties in the case assert that the disclosure of this information without the entry of the proposed Order would, among other things, cause harm to both parties and non-parties resulting from disclosure of trade secrets or such sensitive and/or proprietary information within the meaning of Fed. R. Civ. P. 26(c).  Because disclosure of such materials poses a substantial risk of causing harm to the parties, the parties developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery.  The agreed-upon protocol is embodied in the proposed Order submitted herewith.

4.     The parties respectfully submit that good cause exists for entry of the proposed Order.  *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994).  The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary and financial interests.  The proposed Order provides reasonable restrictions on the disclosure of such sensitive materials.  In order to streamline the discovery process and minimize the need for Court intervention, the proposed Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as "confidential" or "attorneys' eyes only."  *See* Proposed Discovery Confidentiality Order ¶¶ 1-2.  Disclosure of materials designated as "confidential" is limited to specific classes of persons as defined in the proposed Order.  *Id.* ¶ 4.

5.     The proposed Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential.  *Id.* ¶ 8.  Orders of this type have been approved by the United States Court of Appeals for the Third Circuit.  *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Group Inc.*,

785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987).  This action does not involve any public entity or official, and instead involves only private litigants.  Moreover, the information would not otherwise be available under a freedom of information law.  These factors further weigh in favor of entering a proposed Stipulation and Order. *Pansy*, 23 F.3d at 786, 791.

     6.    For the foregoing reasons, it is respectfully requested that the Court grant the parties' joint application for entry of the Proposed Discovery Confidentiality Order.

     I hereby declare under penalty of perjury that the foregoing statements are true.

Dated: May 28, 2010

Richard Spitaleri, Jr.

A/73393534.1

3